# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SUSAN L. WOOD, a citizen and resident of Knox County, Tennessee, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. ) |
| UNITEDHEALTH GROUP, INC., and STANDARD INSURANCE COMPANY, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Comes now the Plaintiff, Susan L. Wood, by and through counsel, and for cause of action would state as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, Susan L. Wood, is a citizen and resident of Knox County, Tennessee.

2. Defendant UnitedHealth Group, Inc. ("UHG") is a foreign corporation having significant and continuous business contacts throughout the State of Tennessee. UHG may be served with process through its registered agent, CT Corporation System, Inc., 100 South Fifth Street, Suite 1075, Minneapolis, MN 55402. At all material times, Defendant UHG acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. Upon information and belief, it is alleged that Defendant UHG was Plaintiff's employer through the relevant time periods and is the Planholder and/or Plan Administrator and/or Plan Sponsor of long term disability "Plan" from which Plaintiff sought benefits.

4. Upon information and belief, it is alleged that the Defendant UHG is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

5. Defendant Standard Insurance Company ("Standard") is an insurance company with its principal place of business in Portland, OR, and may be served with process through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37243. At all material times, Defendant Standard acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

6. Upon information and belief, it is alleged that the Defendant Standard was the claims administrator and the party obligated to pay benefits and to determine eligibility for benefits under the plan.

7. Upon information and belief, it is alleged that the Defendant Standard is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

8. The Plaintiff brings this action to recover benefits due for her long term disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA §502(e)), and particularly 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 1337.

Plaintiff's claims "related to" an "employee welfare benefits plan" as defined by ERISA and the subject disability benefit plan constitutes a "plan under ERISA." The Plaintiff at all times relevant to this action was a "participant" in the Plan as defined by 29 U.S.C. § 1002(7).

9. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations (29 C.F.R. § 2560.503-1) provide a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

10. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

11. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

FACTS AND CAUSE OF ACTION

12. At all times material, Plaintiff worked for Defendant UnitedHealth Group, Inc.

13. Plaintiff developed certain physical and mental conditions that made it difficult for her to work, and ultimately Plaintiff's conditions resulted in a permanent and total disability in which Plaintiff cannot do any work for which she is or can become qualified by reason of her education, experience or training and is not expected to be able to continue such work for the duration of her life.

14. On or about February 1, 2013, Plaintiff ceased working due to her aforementioned disabilities.

15. Plaintiff timely filed an application for short term disability through the Defendant UHG and Sedgwick Claims Management, Inc. ("Sedgwick").

16. Short term disability benefits were paid from February 1, 2013 through March 11, 2013.

17. The Defendant UHG and Sedgwick denied further payments for short term disability pursuant to a letter dated March 26, 2013.

18. Plaintiff timely filed an application with Defendants through The Standard Benefit Administrators for long term disability benefits.

19. The Defendants denied Plaintiff's application for long term disability benefits by letter dated October 18, 2013.

20. Plaintiff timely appealed the cessation of and denial of further short term disability benefits and the Defendant UHG and Sedgwick affirmed its decision by letter dated November 21, 2013.

21. On December 6, 2013, Plaintiff wrote the Defendant Standard requesting a copy of the long term disability file.

22. On December 6, 2013, Plaintiff filed suit against Defendant UHG and Sedgwick for the wrongful denial of her short term disability benefits in the United States District Court Eastern District of Tennessee in the matter styled Susan L. Wood v. United Health Group, Inc. and Sedgwick Claims Management, Inc., 3:13-cv-711.

23. On April 15, 2014, timely appealed the denial of her long term disability claim.

24. The subject long term disability plan requires the Defendants to complete administrative review within forty-five (45) days of receipt of the appeal and allows one additional forty-five (45) day period if necessary to complete the appeal.

25. On April 21, 2014, the Defendant UHG filed an Answer in the matter styled Susan L. Wood v. United Health Group, Inc. and Sedgwick Claims Management, Inc., 3:13-cv-

711.

26. On May 9, 2014, the Defendant Standard wrote the Plaintiff acknowledging receipt of the April 15, 2014 appeal on April 23, 2014.

27. Defendant's May 9, 2014, letter acknowledged the need to complete the review within forty-five (45) days, which would be June 7, 2014, or "within 90 days if circumstances require an extension of the review process."

28. On June 2, 2014, the Defendants wrote the Plaintiff informing her of the need to use the additional forty-five (45) day period to complete the review.

29. Defendant's June 2, 2014, letter acknowledges that under the terms of the subject long term disability plan that the review must be completed by July 23, 2014.

30. On August 8, 2014, Judge Thomas A. Varlan entered a Scheduling Order in the matter styled Susan L. Wood v. United Health Group, Inc. and Sedgwick Claims Management, Inc., 3:13-cv-711.

31. On August 14, 2014, the Defendants denied Plaintiff's administrative appeal and affirming its earlier decision to deny benefits.

32. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

33. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

34. The entity that made the decision to deny benefits allowed its concern over its own fund to influence its decision-making.

35. The Defendant Standard has acted under a Plan to take advantage of the potential applicability of ERISA to claims.

5

36. Under the terms of the Plan, Defendants agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

37. Plaintiff is disabled under the terms of the Plan.

38. Defendants failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

39. The decision to deny benefits was wrong under the terms of the Plan.

40. The decision to deny benefits and decision-making process were arbitrary and capricious.

41. The decision to deny benefits was not supported by substantial evidence in the record.

42. The appellate procedures did not provide the Plaintiff a full and fair review.

43. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

44. The Defendants violated the fiduciary duties owed to the Plaintiff.

45. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiffs disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants have breached their fiduciary duties,

responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits from the Plan.

C. Order Defendants to pay Plaintiff back benefits due under the Plan.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendants to pay her the amounts they have earned on the money wrongfully withheld from her as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of her suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

G. Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Respectfully submitted this 21st day of August, 2014.

        s/ John P. Dreiser_____
        John P. Dreiser (BPR #020743)
        Attorney for the Plaintiff
        1356 Papermill Pointe Way
        Knoxville, TN 37909
        (865) 584-1211